UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DAWN REITZ and NICHOLAS IVEY,<br><br>        Plaintiffs,<br><br>    v.<br><br>Progressive Direct Insurance Company, an Ohio Corporation registered to do business in the State of California and Does I through CC, inclusive,<br><br>        Defendants. | No. 2:14-cv-01614-GEB-EFB<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

        Defendant Progressive Choice Insurance Company[1] moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiffs' tort-based implied covenant of good faith and fair dealing claim. Plaintiffs oppose the motion.[2]

---

[1] Since Defendant argues in the motion that it is erroneously sued as "Progressive Direct Insurance Company," this Order refers to Defendant as "Progressive Choice Insurance Company," which Defendant argues is its proper name.

[2] Defendant also makes the following conditional motion under Rule 12(b)(6): "In the event that the Court declines to read the Complaint as sounding partly in tort, [Defendant] would seek an order dismissing from the Complaint the allegations and prayer pertaining to non-contractual damages." (Def.'s Mot. to Dismiss ("Def.'s Mot.") 8:11-13, ECF No. 3.) However, the Complaint "sound[s] partly in tort."

1

## I.   FACTUAL ALLEGATIONS

The following factual allegations in Plaintiffs' Complaint are pertinent to the dismissal motion. "On or about June 21, 2009, [Defendant] entered into a[] written insurance contract, . . . with [Plaintiffs], the terms of which contract provide inter alia, that [Defendant] would indemnify [Plaintiffs] from any damage that they may sustain by reason of fire to or theft of [their] . . . 2006 Ford Mustang [("the Vehicle")]." (Compl. ¶ 4.) "On or about December 3, 2009, . . . [Plaintiffs] notified [Defendant] that . . . the [Vehicle] had been stolen . . . ." (Id. ¶ 9.)

"Subsequent to receiving notice of the Claim, [Defendant] . . . commenced an investigation . . . ." (Id. ¶ 10.) "[Defendant] determined during its investigation that after [the Vehicle] had been removed from [Plaintiffs'] residence . . . it was totally destroyed by fire . . . ." (Id. ¶ 14.) "On May 28, 2010, [Defendant] completed its investigation and . . . refused to indemnify [Plaintiffs] for any loss . . . , [on the ground that] it had obtained evidence that supplied it with probable cause to believe that [Plaintiffs] had notified [Defendant] of the Claim fraudulently and . . . had deliberately procured the removal of the [Vehicle] from their residence and . . . caused or procured the cause of the fire that subsequently destroyed the [Vehicle]." (Id. ¶ 15.)

"By making allegations, without probable cause . . . , that [Plaintiffs] had deliberately procured the removal of the [Vehicle] . . . and . . . had deliberately procured, or caused to be procured, the fire that subsequently destroyed the

2

[Vehicle], [Defendant] . . . breached the covenant of good faith and dealing . . . ." (Id. ¶ 18.) "As a direct and proximate result of [this breach] . . . , [Plaintiffs] suffered damages, contemplated by the Policy, in that they were unable to replace the [Vehicle], they were accused of and prosecuted for criminal activity, they were subjected to arrest and detention, they lost past and future income and lost the bargained for peace and security of knowledge that their financial losses covered by the Policy would be indemnified by [Defendant], all . . . in the sum of . . . $9,950,000.00[] or according to proof." (Id. ¶ 19.)

## II.   DISCUSSION

Defendant argues Plaintiffs' tort-based implied covenant claim should be dismissed because it is barred by the two-year statute of limitations prescribed in section 339(1) of the California Code of Civil Procedure.

This limitations period applies to tort-based implied covenant claims. Archdale v. Am. Int'l Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 467, n. 19 (2007) (citing Cal. Civ. Proc. Code § 339(1)); see also Powell v. Liberty Life Assur. Co. of Boston, C 06 4328 MMC, 2006 WL 2734315, at * 1 (N.D. Cal. Sept. 25, 2006) ("[T]o the extent plaintiff elects to proceed under a tort theory, [her claim] is subject to a two-year statute of limitations." (citation omitted)). "[T]he statute of limitations for [implied covenant tort] claims . . . begins to run[] when the insurer unequivocally denies the insured's claim for benefits allegedly due under the policy." Alberts v. Liberty Life Assurance Co. of Boston, C 14-01587 RS, 2014 WL 2465121, at *2 (N.D. Cal. June 2, 2014); accord Smyth v. USAA Prop. & Cas. Ins.

Co., 5 Cal. App. 4th 1470, 1477 (1992) (finding that a tort-based implied covenant claim accrued when the insurer "denied the existence of [certain] insurance policies."); Powell, 2006 WL 2734315, at *1 (finding tort-based implied covenant claim "accrued no later than . . . when defendant denied plaintiff's appeal from its decision to terminate payment of benefits.").

Plaintiffs allege that Defendant denied their claim on May 28, 2010. (Compl. ¶ 15.) Plaintiffs filed their Complaint on May 15, 2014, which is more than two years after the claim accrued. Since Plaintiffs have not shown that their tort-based implied covenant claim was filed before the statute of limitations period expired, this portion of Defendant's motion is granted. Defendant also argues this claim should be dismissed with prejudice. However, this portion of the motion is only supported by an unpersuasive, conclusory argument and therefore is denied.

### III. CONCLUSION

For the stated reasons, Defendant's motion is granted in part and denied in part. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing deficiencies in the dismissed claim.

Dated: August 26, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge

4