UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY DAWN REITZ, and NICHOLAS IVEY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio Corporation registered to do business in the State of California; and Does I through CC, inclusive,<br><br>　　　　Defendants. | No.  2:14-cv-01614-GEB-EFB<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

The parties' Joint Status Report filed on November 10, 2014 ("JSR") indicates the following Order should issue.

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

Plaintiffs state in the JSR that they "may move to amend their pleadings to allege the true names and capacities of defendants named as DOES . . . on or before January 16, 2015." (JSR 3:7-12, ECF No. 17.)

Plaintiffs have until January 16, 2015, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to file an Amended Complaint substituting a named

1

defendant in place of a Doe defendant. The referenced motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, Does I-CC will be automatically dismissed from this action.

Other than an amendment that could be authorized if all or part of the pending motion to strike is granted, no further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiffs substitute a named defendant in place of a Doe defendant pursuant to the leave given above, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by July 15, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

///

///

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before February 13, 2015, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before March 17, 2015.

### MOTION HEARING SCHEDULE

The last hearing date for a motion is September 28, 2015, commencing at 9:00 a.m. Any motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for November 23, 2015, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. **The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based.** Furthermore, each party shall estimate the length of trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the

final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

Final pretrial procedures are "critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "Toward that end, Rule 16 directs courts to use pretrial conferences to weed out unmeritorious claims and defenses before trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed *sua sponte* if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); Portsmouth Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on February 23, 2016.

IT IS SO ORDERED.

Dated: November 20, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5