1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  MISTY DAWN REITZ AND NICHOLAS       No. 2:14-CV-01614-GEB-EFB
   IVEY,
10

11           Plaintiffs,              **ORDER DENYING DEFENDANT'S MOTION**
                                      **FOR PARTIAL JUDGMENT ON THE**
12      v.                            **PLEADINGS AND ITS IN LIMINE**
                                      **MOTION**
   PROGRESSIVE DIRECT INSURANCE
13 COMPANY, an Ohio Corporation
   registered to do business in
14 the State of California, and
   DOES 1 through 200,
15 inclusive,

16           Defendants.

17

18          Defendant Progressive Direct Insurance Company moves

19 for partial judgment on the pleadings under Federal Rule of Civil

20 Procedure ("Rule") 12(c), contending "[P]laintiffs' claims for

21 extra-contractual damages . . . are not recoverable in contract

22 and are barred by this Court's August 27, 2014, Order dismissing

23 Plaintiffs' tort-based claim for breach of the implied covenant

24 of good faith and fair dealing." (Def. Mot. J. Pleadings 2:3-5,

25 ECF No. 26.) Defendants also move in the alternative for an order

26 excluding "any evidence [from] trial related to [Plaintiffs']

27 claims for extra-contractual damages... on relevance grounds."

28 (Def. MTE 2:2-4, ECF No. 27.)

1

1    Plaintiffs argue as follows concerning Defendant's Rule

2   12(c) motion:

3    The motion under Rule 12(c) of the Federal
     Rules of Civil Procedure depends upon the
     pleadings[,] and paragraphs 16, 17, and 18 of

4    the complaint plead an implied contract to
     investigate claims fairly and in good faith

5    and further plead a breach of that implied
     contract by [Defendant].   Read collectively

6    with paragraph 19, these paragraphs allege
     that the breach of this promise proximately

7    resulted in damage to [Plaintiffs] . . . of a
     nature that was not only contemplated

8    by the parties at the inception of the
     agreement, but that was specifically

9    understood by the parties to be a likely
     result of a breach by [Defendant] and

10   constituted substantial bargained for
     consideration on the part of [Plaintiffs].

11   Those pleadings cannot be read to allow
     [Defendant] judgment on them . . . under

12   California contract law.

13  (Mem. Opp'n MIL & Mot. Partial J. ("Opp'n") 11:17-12:2, ECF No.

14  29.)

15   Defendant's Rule 12(c) motion is "functionally identical to

16  [a motion under] Rule 12(b)(6) and . . . the same standard of

17  review applies to motions brought under either rule." Cafasso,

18  U.S. ex. rel. v. Generay Dynamics C4 Sys., 637 F.3d 1047, 1054

19  n.4 (9th Cir. 2011) (quotation omitted)). "To survive [a motion

20  for judgment on the pleadings], a complaint must contain

21  sufficient factual matter, accepted as true, to state a claim to

22  relief that is plausible on its face." Caviness v. Horizon Cmty.

23  Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010).

24   Defendant does not challenge the plausibility of

25  Plaintiffs' factual allegations; rather it argues: "[b]ecause

26  this Court has already determined that Plaintiffs may only

27  proceed with their claim for breach of the implied covenant

28  sounding in contract, Plaintiffs are foreclosed from seeking any

damages over the limit of liability specified in the policy of insurance," and therefore "Plaintiffs' allegations of extra-contractual damages . . . are not recoverable." (Def. Mot. 6:7-9; 6:14-16.) However, Defendant has not shown that the Court's referenced prior ruling addressed the contractual damages claim Defendant asserts it now challenges.

Plaintiffs allege in their Complaint that they "entered into a[] written insurance contract" with Defendant stating Defendant "would indemnify [Plaintiffs] from any damage that they may sustain by reason of fire to or theft of [their vehicle;]" however, after their vehicle was stolen and destroyed in a fire, Defendant "refused to indemnify [Plaintiffs on the grounds that] . . . it [had] probable cause to believe [Plaintiffs] . . . deliberately procured the removal of the [vehicle] from their residence and . . . caused [the fire that destroyed it]." (Compl. ¶¶ 4, 14-15.) Plaintiffs allege the following resulted from Defendant's conduct:

> [They] suffered damages contemplated by the Policy, in that they were unable to replace the [vehicle], they were accused of and prosecuted for criminal activity, they were subjected to arrest and detention, they lost past and future income, and lost the bargained for peace and security of knowledge that their financial losses covered by the Policy would be indemnified by [Defendant], all to their damages in the sum of nine million, nine hundred fifty thousand dollars ($9,950,000.00,) or according to proof.

(Compl. ¶¶ 18-19) (emphasis added.)

The core of Defendant's Rule 12(c) motion concerns whether Plaintiffs can seek what Defendant characterizes as "extra-contractual damages." California Civil Code section 3300,

the statute under which Plaintiffs' damages claim is analyzed, states:

> [f]or the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely the result therefrom.

Further, the California Supreme Court states in <u>Weaver v. Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 59 Cal. 2d 428, 434 (1963), that in contract actions "[w]hile the causal extent of damages may be more limited than in tort, nevertheless, damages actually contemplated, or within the reasonable contemplation of the parties, are recoverable."

In light of this authority, Defendant has not shown it prevails on its Rule 12(c).

Plaintiffs also oppose Defendant's alternative motion to exclude from trial any evidence related to Plaintiff's claim for extra-contractual damages, arguing the motion seeks an unripe in limine ruling that would prevent evidence from being used at trial. (Opp'n 4:5-9.) Defendant's alternative motion is not concrete enough for a judicial ruling, and is therefore denied.

For the stated reasons, Defendant's Rule 12(c) motion and its alternative motion are DENIED.

Dated:  July 9, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4