1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MISTY DAWN REITZ, and NICHOLAS            Civ. No. 2:14-cv-01614-KJM-EFB
     IVEY,
12
                            Plaintiffs,
13                                              AMENDED FINAL PRETRIAL ORDER

14            v.

15   PROGRESSIVE DIRECT INSURANCE
     COMPANY, an Ohio Corporation
16   registered to do business in the State of
     California
17
                            Defendant.
18

19            The court conducted a final pretrial conference on March 11, 2016.  William

20   Romaine appeared for plaintiffs Misty Dawn Reitz and Nicholas Ivey; Julia Azrael appeared for

21   defendant Progressive Direct Insurance Company.

22            After hearing, and good cause appearing, the court makes the following findings

23   and orders:

24   JURISDICTION/VENUE

25            Jurisdiction is predicated on 28 U.S.C. § 1332(a).  Venue is established by Eastern

26   District of California Local Rule 120(d).  Jurisdiction and venue are not contested.

27   JURY/NON-JURY

28            All issues shall be tried to a jury of eight.

                                                1

UNDISPUTED FACTS

The facts below are as provided by the parties in the Joint Pretrial Statement (JPS), ECF No. 50 and the previous Final Pretrial Order, ECF No. 54:

a.      Plaintiffs were insured by a policy of insurance (number 62178552) issued by Progressive including comprehensive coverage for, inter alia, fire and/or theft of a covered vehicle, including a certain 2006 Ford Mustang automobile listed on the policy.  Nicolas Ivey was the registered owner of the Mustang.

b.      The policy was in effect on December 2, 2009, and at all times material to this action.

c.      The insuring agreement for comprehensive coverage provided, in pertinent part, as follows: "In return for your payment of the premium, we agree to insure you subject to all the terms, conditions, and limitations of this policy.  We will insure you for the coverages and the limits of liability shown on this policy's declarations page.  Your policy consists of the policy contract, your insurance application, the declarations page, and all endorsements to this policy."

d.      Part IV of the Policy ("Damage to a Vehicle["]), specifically provided as follows: "If you pay the premium for this coverage, we will pay for sudden, direct, and accidental loss to a: 1. covered auto . . . and its custom parts or equipment,  that is not caused by collision."  Part IV contains the following LIMITS OF LIABILITY (quoted in pertinent part):

i.      "The limit of liability for loss to a covered auto . . . is the lowest of the actual cash value of the stolen or damaged property at the time of loss reduced by the applicable deductible."

ii.      The declarations page states that the coverage limitations for comprehensive and collision coverage are the actual cash value of the vehicle, less a $500 deductible.  In addition there is coverage for loss of use under the comprehensive provisions, which is capped at $900.

e.      The Policy also provides that Progressive "may deny coverage for an accident or loss if you or a person seeking coverage has concealed or misrepresented any material fact or

/////

2

1     circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement

2     of a claim."

3         f.       On December 3, 2009, Misty Reitz reported the theft of the Mustang to

4     Progressive with an occurrence date of December 2, 2009[,] and made a claim for benefits under

5     the comprehensive portion of her policy.

6         g.       On December 2, 2009, the Kings County Fire Department recovered the Mustang

7     engulfed in flames; it was completely burned.

8         h.       Progressive conducted an investigation of the claim, which included taking

9     statements, obtaining cell phone tower records, having the ignition system of the Mustang

10     examined, speaking to witnesses, and hiring an attorney to take examinations under oath, among

11     other things.

12         i.       On May 28, 2010, Progressive denied coverage for the claim (# 09-254881) based

13     on its determination plaintiffs had made material misrepresentations in the presentation of the

14     claim.

15         j.       Progressive has paid no benefits for the claim.

16     <u>DISPUTED FACTUAL ISSUES</u>

17         The disputed factual allegations and contentions concern whether plaintiffs made

18     material misrepresentations during the presentation of the claim, which voided coverage under the

19     terms of the policy, and what breach of contract damages plaintiffs may recover should they

20     prevail on their breach of contract claim.

21     <u>SPECIAL FACTUAL INFORMATION</u>

22         Both parties agree the insurance contract provided defendant would indemnify

23     plaintiffs for losses sustained as a result of certain specified perils, including, but not limited to

24     theft and fire.  Both parties agree defendant's duty to indemnify is limited to situations where the

25     loss is sustained by accidental occurrences, plaintiffs had a duty to timely notify defendant of

26     claims to cooperate with defendant in the claim investigation and to provide true and complete

27     information concerning the nature and details of the claimed loss.

28     /////

1    Both parties also agree the insurance contract was written, fully integrated, and no
2    modifications or collateral agreements were made to alter the policy terms, either orally or in
3    writing.

4    The parties do not allege any misrepresentation of fact affected the validity of the
5    insurance contract.  Defendant contends the presentation of the claim by plaintiffs included
6    material misrepresentations, which would void the insurance coverage under the terms of the
7    policy.

8    Plaintiffs allege defendant breached the insurance contract by denying coverage.
9    Defendant contends plaintiffs' misrepresentations voided coverage and plaintiffs have the burden
10   of establishing a covered loss.

11   Neither party is alleging waiver or estoppel.

12   <u>DISPUTED EVIDENTIARY ISSUES</u>

13   None.  *See* Motions in Limine, *infra*.

14   <u>STIPULATIONS/AGREED STATEMENTS</u>

15   As provided in the previous Final Pretrial Order, ECF No. 54, the parties shall
16   submit a short, jointly-prepared statement concerning the nature of this case that can be read to
17   the jury during voir dire.  The statement shall be filed by the Friday before the trial
18   commencement date.  Separate statements shall be submitted if agreement is not reached.

19   <u>RELIEF SOUGHT</u>

20   Plaintiffs seek to recover damages sustained pursuant to their claim of defendant's
21   breach of contract.

22   Plaintiffs allege a total damage of $52,500.

23   Defendant contends total damage is $19,092.

24   <u>POINTS OF LAW</u>

25   The parties shall alert the court to disputes about the applicable law and legal
26   standards.  Trial briefs addressing these points more completely shall be filed with this court no
27   later than seven days prior to the date of trial in accordance with Local Rule 285.

28   /////

4

1            Plaintiffs contend any legal issues concerning the breach of contract claim are the

2 standard legal issues of the nature of duties imposed upon the parties by express or implied terms

3 of the contract, the interpretation of those terms, the conditions precedent and subsequent, and the

4 effect of those conditions on the parties' duties.

5            Defendant argues the insurance contract is express, and there are no implied terms

6 at issue here.  Defendant similarly denies there are any issues of contract interpretation, or

7 conditions precedent or subsequent here.

8 ABANDONED ISSUES

9            Previously, partial summary judgment was granted on the issues of bad faith

10 breach of insurance contract, the breach of the covenant of good faith and fair dealing, and partial

11 dismissal of the complaint on the issues of tort damages.  Those issues are no longer before the

12 court.

13 WITNESSES

14         Each party may call any witnesses designated by the other.

15       A.     Plaintiffs anticipate calling the following witnesses:

16            (1) Plaintiff Nicholas Ivey; and

17            (2) Plaintiff Misty Dawn Reitz.

18       B.     Defendant anticipates calling the following witnesses:

19            (1) Tara Flaherty, Claims Representative Fire & Theft, Progressive, Carlsbad, CA;

20            (2) Felicity Lathrop, Special Investigations Unit, Modesto, CA;

21            (3) Mindy Saurer, Branch Claims Manager Fire & Theft, Progressive, Sacramento,

22            CA; and

23            (4) Ulises Castello, Fire Cause Analysis, Berkeley, CA; Expert witness on

24            insurance policy and investigation.

25       C.     The court will not permit any other witness to testify unless:

26            (1) The party offering the witness demonstrates that the witness is for the purpose

27            of rebutting evidence that could not be reasonably anticipated at the pretrial

28            conference, or

1       (2) The witness was discovered after the pretrial conference and the proffering

2       party makes the showing required in "D," below.

3       D.    Upon the post pretrial discovery of any witness a party wishes to present at trial,

4   the party shall promptly inform the court and opposing parties of the existence of the unlisted

5   witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.

6   The witnesses will not be permitted unless:

7       (1) The witness could not reasonably have been discovered prior to the

8       discovery cutoff;

9       (2) The court and opposing parties were promptly notified upon discovery

10      of the witness;

11      (3) If time permitted, the party proffered the witness for deposition; and

12      (4) If time did not permit, a reasonable summary of the witness's testimony

13      was provided to opposing parties.

14  <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

15      Plaintiffs did not identify in the Joint Pretrial Statement, ECF No. 50, any exhibits

16  they intend to introduce at trial.

17      Defendant states it anticipates offering the following exhibits:

18      A.    Declarations pages of policy;

19      B.    Policy terms and conditions; and

20      C.    The Claim file.

21      At trial, defendant's exhibits shall be listed alphabetically.

22      All exhibits must be premarked.

23      Defendant must prepare an exhibit binder for use by the court at trial, with a side

24  tab identifying each exhibit in accordance with the specifications above.  Each binder shall have

25  an identification label on the front and spine.

26      The defendant must provide to plaintiff its exhibits no later than twenty-eight days

27  before trial.  Any objections to exhibits are due no later than fourteen days before trial.

28  /////

A.     The court will not admit exhibits other than those identified on the exhibit list referenced above unless:

(1)  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.     Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

(1)  The exhibits could not reasonably have been discovered earlier;

(2)  The court and the opposing parties were promptly informed of their existence;

(3)  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

FURTHER DISCOVERY OR MOTIONS

None.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT

The parties have exhausted settlement efforts.

MOTIONS IN LIMINE

The following motions have been decided based upon the record presently before the court.  Each ruling is made without prejudice and is subject to proper renewal, in whole or in

1   part, during trial.  If a party wishes to contest a pretrial ruling, it must do so through a proper

2   motion or objection, or otherwise forfeit appeal on such grounds.  *See* Fed. R. Evid. 103(a);

3   *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district

4   court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may

5   only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.")

6   (alteration, citation and quotation omitted).

7           The court confirmed plaintiffs have no objections to defendant's motions in

8   limine, ECF Nos. 62–64, and GRANTED the motions in limine as unopposed, ECF No. 68.

9   ATTORNEYS' FEES

10          The parties are not seeking to recover attorney's fees in this action on the

11  remaining causes of action.

12  TRIAL EXHIBITS

13          The court will not retain certified copies of exhibits as set forth in Local Rule

14  138(j) in the event of an appeal.

15  ESTIMATED TIME OF TRIAL/TRIAL DATE

16          Jury trial is set for **June 27, 2016** at 9:00 a.m. in Courtroom Three before the

17  Honorable Kimberly J. Mueller.  Trial is anticipated to last one week.  The parties are directed to

18  Judge Mueller's default trial schedule outlined on her web page on the court's website.

19  PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

20          The parties shall file any proposed jury voir dire seven days before trial.  Each

21  party will be limited to ten minutes of jury voir dire.

22          The court directs counsel to meet and confer in an attempt to generate a joint set of

23  jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen

24  days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent

25  the parties are unable to agree on all or some instructions and verdicts, their respective proposed

26  instructions are due fourteen days before trial.

27  /////

28  /////

8

1           Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether

2    agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen

3    days before trial; all blanks in form instructions should be completed and all brackets removed.

4           Objections to proposed jury instructions must be filed seven days before trial; each

5    objection shall identify the challenged instruction and shall provide a concise explanation of the

6    basis for the objection along with citation of authority.   When applicable, the objecting party

7    shall submit an alternative proposed instruction on the issue or identify which of his or her own

8    proposed instructions covers the subject.

9    <u>MISCELLANEOUS</u>

10           Trial briefs are due seven days before trial.

11    <u>OBJECTIONS TO PRETRIAL ORDER</u>

12           Each party is granted fourteen days from the date of this order to file objections to

13    the same.  If no objections are filed, the order will become final without further order of this

14    court.

15    DATED:  March 22, 2016

16

17

18                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28